## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LEYDI DUENAS-CLAROS,**
South Texas Detention Complex
566 Veteran Drive,
Pearsall, Texas 78061;

**L.M.D. a Minor**
9638 Bundy Lane
Houston, TX 77080

**Plaintiffs,**

v.

**U.S IMMIGRATION AND CUSTOMS
ENFORCEMENT ("ICE"),**
500 12th Street SW Washington, DC 20530;

**U.S. DEPARTMENT OF HOMELAND
SECURITY ("DHS"),**
245 Murray Lane SW Mailstop 0485
Washington, DC 20528-0075;

**U.S. CUSTOMS AND BORDER PROTECTION
("CBP"),**
1300 Pennsylvania Ave. NW
Washington, DC 20229;

**U.S. CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS"),**
20 Massachusetts Avenue NW
Washington, D.C. 20529;

**THOMAS HOMAN, ACTING DIRECTOR OF
ICE,**
500 12th Street SW Washington, D.C. 20536;

**DANIEL BIBLE, SAN ANTONIO FIELD OFFICE
DIRECTOR, ICE**
San Antonio Field Office
1777 NE Loop 410 Floor 15
San Antonio, TX, 78217;

**ANDREW HURON, SAN ANTONIO ASSISTANT
FIELD OFFICE DIRECTOR, ICE**
San Antonio Field Office
1777 NE Loop 410 Floor 15
San Antonio, TX, 78217;

Case: 1:18-cv-01923
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/15/2018
Description: TRO/PI (D-DECK)



RECEIVED
Mail Room

AUG 1 6 2018

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

**RAY CASTRO, WARDEN, SOUTH TEXAS DETENTION COMPLEX**
South Texas Detention Complex
566 Veteran Drive,
Pearsall, Texas 78061

**KIRSTJEN NIELSEN, SECRETARY OF DHS,**
500 12th Street SW Washington, DC 20536;

**JEFFERSON BEAUREGARD SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES,**
950 Pennsylvania Avenue NW Washington, D.C. 20530;

**L. FRANCIS CISSNA, DIRECTOR OF USCIS,**
20 Massachusetts Avenue NW Washington, D.C. 20529;

**KEVIN K. MCALEENAN, ACTING COMMISSIONER OF CBP,**
1300 Pennsylvania Ave, NW Washington, DC 20229;

**Defendants**.

## PETITION FOR HABEAS CORPUS AND COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

Leydi Duenas-Claros and her minor child, L.M.D., by and through counsel, file this petition for habeas corpus and civil action against Defendants U.S. Immigration and Customs Enforcement ("ICE"); U.S. Department of Homeland Security ("DHS"); U.S. Customs and Border Protection ("CBP"); U.S. Citizenship and Immigration Services ("USCIS"); Thomas Homan, Acting Director of ICE; Daniel Bible, San Antonio Field Office Director, ICE; Andrew Huron, San Antonio Assistant Field Office Director, ICE; Ray Castro, Warden, South Texas Detention Complex; Kirstjen Nielsen, Secretary of DHS; Jefferson Beauregard Sessions III, Attorney General of the United States; L. Francis Cissna, Director of USCIS; and Kevin K. McAleenan, Acting Commissioner of CBP; (collectively, "Defendants") to vindicate their

substantive and procedural due process rights under the Fifth Amendment of the U.S. Constitution and their rights under the International Convention on Civil and Political Rights, the United Nations Convention Relating to Status of Refugees, 8 U.S.C. § 1158, and the International Child Abduction Convention. In support, Ms. Duenas-Claros and her child state as follows:

## INTRODUCTION

This case challenges the United States Government's forcible and continued separation of Ms. Duenas-Claros from her U.S. citizen child, L.M.D.  Ms. Duenas-Claros is the biological mother of L.M.D., who was born in 2017 in the United States, and is therefore a U.S. citizen. Ms. Duenas-Claros and L.M.D. bring this action to halt Ms. Duenas-Claros's pending deportation until she has a full and fair opportunity to seek asylum in this country.   That opportunity, guaranteed to her by statute, has been violated by the forcible separation of Ms. Duenas-Claros from L.M.D., a traumatic incident which meaningfully undercut her ability to prepare for and participate in her asylum proceedings.

## JURISDICTION

1.      This case arises under the Fifth Amendment to the United States Constitution. The court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2241 (habeas jurisdiction); and Art. I., § 9, cl. 2 of the United States Constitution ("Suspension Clause"). Ms. D-C and her child are in custody for purposes of habeas jurisdiction.

## VENUE

2.      Venue is proper under 28 U.S.C. § 1391 because at least one of the Defendants is subject to personal jurisdiction in this district with regards to this action.

## PARTIES

3.     Plaintiff Ms. Duenas-Claros is a citizen of El Salvador. She is the mother of Plaintiff L.M.D., a minor child and U.S. citizen.

4.     Defendant U.S. Immigration and Customs Enforcement ("ICE") is the sub-agency of DHS that is responsible for carrying out removal orders and overseeing immigration detention.

5.     Defendants U.S. Department of Homeland Security ("DHS") has responsibility for enforcing the immigration laws of the United States and is a department of the executive branch of the Government which has been delegated with authority over "unaccompanied minors."

6.     Defendant U.S. Customs and Border Protection ("CBP") is the sub-agency of DHS that is responsible for the initial processing and detention of noncitizens who are apprehended near the U.S. border.

7.     Defendant U.S. Citizenship and Immigration Services ("USCIS") is the sub-agency of DHS that, through its Asylum Officers, conducts interviews of certain individuals apprehended at the border to determine whether they have a credible fear of persecution and should be permitted to apply for asylum.

8.     Defendant Thomas Homan is sued in his individual capacity and his official capacity as the Director of ICE.

9.     Defendant Daniel Bible is sued in his individual capacity and his official capacity as Field Office Director, San Antonio Field Office, ICE.

10.    Andrew Huron is sued in his individual and official capacity as Assistant Field Office Director, San Antonio Field Office, ICE.

11.    Defendant Kirstjen Nielsen is sued in her individual capacity and official

capacity as the Secretary of the Department of Homeland Security. In this capacity, she directs each of the component agencies within DHS: ICE, USCIS, and CBP. As a result, Respondent Nielsen has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103 and is empowered to grant asylum or other relief.

12.     Defendant Jefferson Beauregard Sessions III is sued in his individual capacity and his official capacity as the Attorney General of the United States. At all times relevant to this Complaint, he had responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103, oversaw the Executive Office of Immigration Review, was empowered to grant asylum or other relief.

13.     Defendant L. Francis Cissna is sued in his individual and official capacity as the Director of USCIS.

14.     Defendant Kevin K. McAleenan is sued in his individual and official capacity as the Acting Commissioner of CBP.

15.     Defendant Ray Castro is sued in his individual and official capacity as Warden, South Texas Detention Complex, Pearsall, Texas.

## RELEVANT FACTS

16.     Ms. Duenas-Claros is a 30-year old citizen of El Salvador.  She has five biological children, all born in the U.S., and all U.S. citizens.  L.M.D. was born in or about July 2017, within the U.S.

17.     On or about May 2018, Ms. Duenas-Claros and L.M.D. fled El Salvador out of fear that Ms. Duenas-Claros's brother-in-law, Juan Mauricio Martinez ("Juan") would kill them. Juan is a known member of the MS-13 gang in El Salvador. Juan raped Ms. Duenas-Claros when she was twelve years old.  He has repeatedly threatened her bodily harm,

including death threats. Juan has physically abused Ms. Duenas-Claros's father (his father-in-law), and one of Duenas-Claros's children. Juan's wife (Ms. Duenas-Claros's sister) fled to the U.S. and was granted asylum based upon the abuse she suffered at Juan's hands. Juan threatened his wife and her extended family (including Plaintiffs) with death for providing information to prosecutors in El Salvador regarding his crimes. He claimed that he has friends in the local police that would tip him off to any attempt by Plaintiff's family to use the police or any judicial process within El Salvador. Based upon this credible fear, Plaintiffs sought refuge in the U.S.

18. Upon entry into the U.S., agents from Defendant Customs and Border Protection ("CBP") forcibly separated Plaintiffs from each other, this despite the fact that L.M.D. was still breastfeeding.

19. On June 20, 2018, by Executive Order 13841 ("Executive Order"), President Trump ostensibly ended his administration's policy of forcibly separating children from their parents at the border. Nonetheless, without any assertions of abuse, neglect, or parental unfitness, and with no hearings of any kind, the Government continues to detain parents and children separated prior to the issuance of the Executive Order, including Ms. Duenas-Claros and L.M.D.

20. Ms. Duenas-Claros's separation from her minor child was a traumatic event which caused her significant psychological distress.

21. Numerous organizations, mental health professionals, and the American Academy of Pediatrics have been vocal in criticizing the forcible separation policy. Forced separation from parents causes severe trauma to children, especially those who are already traumatized due to conditions in their homeland. The resulting cognitive and emotional damage from separation can be permanent. The Trump Administration acknowledged as much

by ending the practice with the Executive Order on June 20, 2018.

22.     During this period of intense psychological trauma, Ms. Duenas-Claros applied for asylum in the U.S.  However, despite the fact that asylum had been granted to her sister on a similar set of facts, the Asylum Officer in Ms. Duenas-Claros's case made a negative credible fear finding.  This finding was affirmed by an immigration Judge on July 23, 2018.

23.     During these proceedings, Ms. Duenas-Claros was not able to articulate the full range of factual circumstances underlying her credible fear of returning to El Salvador on account of the trauma precipitated by her continued separation from L.M.D.   Indeed, at the time she should have been preparing for her asylum proceedings, Ms. Duenas-Claros was focused instead on locating her 11-month old child, and ensuring that she was being cared for.

24.     The Due Process Clause of the U.S. Constitution's Fifth Amendment does not permit the Government to keep children from their parents without justification or even a hearing.  Federal statutes, including the Immigration and Naturalization Act, the Convention Against Torture, and associated implementing regulations, require that an asylum applicant's credible fear determination by made after a full and fair proceeding.

25.     Ms. Duenas-Claros was denied such a right on account of the unlawful separation between her and her minor child.

26.     As a result of the Defendants' actions in this case, Ms. Duenos-Claros is facing imminent deportation – and indefinite separation from not only L.M.D. but all five of her U.S. citizen children.

27.     Given the irreparable and continuous emotional damage caused to Ms. Duenas-Claros and L.M.D. by the continued separation, Ms. Duenas-Claros requests a stay of deportation, an immediate reunion with L.M.D., and reconsideration of her negative asylum determination.

## CAUSES OF ACTION

## COUNT I

### (Violation of Asylum Statute)

28.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

29.     Under United States law, noncitizens fleeing persecution shall have the opportunity to apply for asylum in the United States.  See 8 U.S.C. § 1225(b)(1) (expedited removal); 8 C.F.R. §§ 235.3(b)(4), 208.30, and 1003.42; 8 U.S.C. § 1158(a)(1). Ms. Duenas-Claros has a private right of action to vindicate their right to apply for asylum.

30.     Defendants' separation of Ms. Duenas-Claros from her child violates federal asylum law, because it infringes on Ms. Duenas-Claros's ability to pursue her asylum claim.

## COUNT II

### (Punishment of Civil Detainee in Violation of Due Process)

31.     The U.S. Constitution's Fifth Amendment prohibits punishment of immigrants held in civil detention.  *Bell v. Wolfish*, 441 U.S. 520, 538-39 & n.20 (1979).

32.     At all times after Ms. Duenas-Claros was detained, Defendants and their agents and employees have continuously detained Ms. Duenas-Claros pursuant to civil immigration detention statutes or as persons charged with crime awaiting trial. Defendants have never detained Ms. Duenas-Claros as convicted criminals. Defendants intend to punish Ms. Duenas-Claros and L.M.D. by taking the following actions:

a.   forcibly separating them;

8

    b.   maintaining separation indefinitely; and

    c.   failing to provide meaningful information to Ms. Duenas-Claros about her infant's well-being, and anticipated reunification.

33.      The following actions taken by Defendants punish Plaintiffs regardless of any intent by any Defendant because they are patently excessive in relation to any legitimate objective.

## COUNT III

## (Family Separation in Violation of Substantive Due Process)

## (Against All Defendants Except USCIS Defendants in their official capacities)

34.      All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

35.      The Due Process Clause of the U.S. Constitution's Fifth Amendment protects all "persons" on United States soil, including Plaintiffs.

36.      Plaintiffs have a liberty interest under the Due Process Clause in remaining together as a family.

37.      The separation of Ms. Duenas-Claros from L.M.D. violates substantive due process because it furthers no legitimate purpose, not to mention a compelling governmental interest.

## COUNT IV

### (Family Separation in Violation of Substantive Due Process: Supervisory Liability) (Against Defendants Homan, Nielsen and Sessions in their individual capacities)

38.     All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

39.     The Due Process Clause of the U.S. Constitution's Fifth Amendment protects all "persons" on United States soil, including Ms. Duenas-Claros and her child.

40.     Ms. Duenas-Claros and her child have a liberty interest under the Due Process Clause in remaining together as a family.

41.     The separation of Ms. Duenas-Claros and her child violates substantive due process because it furthers no legitimate purpose, not to mention a compelling governmental interest.

## COUNT V

### (Administrative Procedure Act—Arbitrary and Capricious Practice)

### (Against All Defendants Except USCIS Defendants)

42.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

43.     The APA prohibits agency action that is arbitrary and capricious and contrary to constitutional right.

44.     Defendants' separation of Plaintiffs without a compelling justification and without a mechanism, protocol, or system to guarantee their reunification is final agency action

that is arbitrary and capricious. It accordingly violates the APA. 5 U.S.C. § 706(2)(A).

## COUNT VIII

### Petition for Habeas Corpus under Treaties of the United States: International Convention on Civil and Political Rights (Claim for Injunctive and Declaratory Relief against all Defendants in their official capacities)

45.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

46.     The ICCPR has been signed and ratified by the United States.

47.     Under Article 17 of the ICCPR "[n]o one shall be subjected to arbitrary or unlawful interference with her privacy, family, home or correspondence, nor to unlawful attacks on her honor and reputation." Article 23 states that "family is the natural and fundamental group unit of society and is entitled to protection by society and the State."

48.     By forcibly separating Ms. Duenas-Claros from her infant child, Defendants have subjected Ms. Duenas-Claros and her U.S. citizen child, L.M.D. to arbitrary, unlawful, and unjustified interference with her family in violation of the ICCPR.

## COUNT IX

### Petition for Habeas Corpus under Laws and Treaties of the United States: United Nations Convention Relating to Status of Refugees and 8 U.S.C. § 1158 (Claim for Injunctive and Declaratory Relief against all Defendants in their official capacities)

49.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

11

50.     The United States is party to the 1967 Protocol Relating to the Status of Refugees and key provisions have been incorporated into U.S. law giving individuals a cause for action for litigation. Under federal law, "any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum . . .". 8 U.S.C. § 1158.

51.     Because the right to seek asylum and the definition of refugee, which stems from an international treaty, is directly incorporated into federal law, it creates a legal cause for action for Plaintiffs.

52.     By interfering with Ms. Duenas-Claros's parental right to be with her children, these Defendants have unlawfully interfered with her right to seek asylum and punished her for doing so by ripping her child away from her after seeking asylum.

## COUNT X

### Petition for Habeas Corpus under Treaties of the United States: International Child Abduction Convention (ICAC) (Claim for Injunctive and Declaratory Relief against all Defendants in their official capacities)

53.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

54.     The ICAC provides that the removal or retention of a child is "wrongful" whenever:

   a.  It is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and

b. at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention. These rights of custody may arise by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of the country of habitual residence.

55. Defendants have in effect abducted L.M.D from Ms. Duenas-Claros lawful custody and have not given her any information on her whereabouts or her condition.

### COUNT XI

### Violation of the International Child Abduction Remedies Act (ICARA)

### (Claim for Injunctive Relief against all Defendants in their official capacities)

56. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

57. The ICAC provides that the removal or retention of a child is "wrongful" whenever:

a. It is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and

b. at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention. These rights of custody may arise by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of the country of habitual residence.

58. The ICARA is the implementing legislation for the ICAC, creating a private

right of action for claimants.

59.     Defendants have effectively abducted Ms. Duenas-Claros's children from her lawful custody and have not given her any information on her whereabouts or her condition.

## COUNT XII

## PUNITIVE DAMAGES

## (Against Defendants Homan, Nielsen, Sessions, Cissna, McAleenan, Brooks, Azar, and Lloyd in their individual capacities)

60.     Based on the foregoing, Plaintiffs are entitled to punitive damages because these Defendants acted with a willful indifference to the laws that protect Plaintiffs' constitutional rights.

## COUNT XIII

## ATTORNEYS' FEES

61.     Based on the foregoing, Plaintiffs are entitled to attorneys' fees under all applicable laws.

## PRAYER FOR RELIEF

A.     Declare unlawful the separation of Duenas-Claros from her minor child L.M.D. to have unlawfully interfered with her right to pursue an asylum claim in the U.S.;

B.     Enjoin Defendants from removing Ms. L.M.D. from the country until she is reunited with her child and, thereafter, given a new opportunity to pursue her asylum claims;

C.     Preliminarily and permanently enjoin Defendants from continuing to separate Ms. Duenas-Claros from L.M.D. and ordering that Ms. Duenas-Claros be

released from detention pending further proceedings in order to care for her

minor child;

D.      Award compensatory damages to Plaintiffs, including pain and suffering arising

from the separation between Ms. Duenas-Claros and L.M.D.;

E.      Award punitive damages for the conscious disregard for Plaintiffs' rights;

F.      Require Defendants to pay reasonable attorneys' fees and costs;

G.      Order all other relief that is just and proper.


Respectfully submitted this 15th of August, 2018.

/s/Claudia O'Brien
Claudia O'Brien, DC Bar No. 447354
Timilin Sanders, DC Bar No. 989110
Clayton LaForge, DC Bar No. 1033938
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Washington DC 20004
(202) 637-2200
claudia.o'brien@lw.com